IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUYNH HEALTH & BEAUTY LLC, d/b/a AZURA | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action Number |
| AZURA NAILS & SPA and ANH NGUYEN | § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Huynh Health & Beauty, LLC, d/b/a AZURA ("HHB") files this Original Complaint against Defendants Azura Nails & Spa and Ms. Anh Nguyen ("Nguyen") and, in support of its causes of action against the above-listed Defendants, Plaintiff HHB would respectfully show the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The name "AZURA" is a trademark that Plaintiff has owned and used continuously since 2008 for the purpose of providing, among other things, beauty salon services, nail care services, manicures, pedicures, massage services, cosmetic body services, body care and cleansing treatments in the nature of body scrubs and wraps, and other related beauty treatment services. Plaintiff uses the trademark to advertise throughout North Texas and specifically in this District.

2. Defendants are operating a competing business in North Texas called Azura Nails & Spa.

3. Plaintiff HHB is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Murphy, Texas. The sole member of limited liability company is Anthony Huynh, a resident of Allen, TX.

4. Defendant Azura Nails & Spa ("ANS") is, on information and belief, a sole proprietorship. ANS can be served through its authorized representative at 14760 Preston Road, Suite 112, Dallas, TX 75254.

5. On information and belief, Anh Nguyen is the owner and sole proprietor of ANS. Nguyen can be served at 14760 Preston Road, Suite 112, Dallas, TX 752454.

6. This Court has personal jurisdiction over Defendants because they are residents of the State of Texas, operate their business in the Northern District of Texas, Dallas Division, and reside in this District.

7. This action arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, et seq. Federal question jurisdiction exists over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 1338(b), and 15 U.S.C. § 1121 for the claims arising under the Lanham Act. The Court has original jurisdiction over the state law claims in this action under 28 U.S.C. § 1367(a) and the principles of supplemental jurisdiction.

8. Defendants have knowingly and intentionally been using the mark "AZURA" within the State of Texas and in this judicial district. Venue is thus proper under 28 U.S.C. §§ 1391(b) and (c).

## MATERIAL PREDICATE FACTS

9. Plaintiff opened "Azura Nail Spa" on November 15, 2008 at 217 East F.M. 544, Murphy, TX 75094. It operates a webpage at www.azurasalons.com.

10.    Below is an image from Plaintiff's webpage:



11.    On March 5, 2008, Plaintiff entered into a lease to open "AZURA NAIL SPA." Attached as Exhibit 1 is a true and correct copy of the first two pages of the lease which show the name of the business as "AZURA NAIL SPA."

12.    On November 18, 2008, Plaintiff paid for an advertisement with Kroger in the form of a register tape ad. A true and correct copy of the artwork given to Kroger for the advertisement is attached hereto as Exhibit 2. While the ad was running, a person shopping at Kroger would receive a register tape with his/her receipt that included information concerning Plaintiff's business. As seen in Exhibit 1, Plaintiff's trademark "AZURA" can be seen in bold letters across

the top, with the spa's address, phone number and hours of operation. The advertisement shows it expired "12/31/08."

13. Throughout the years, Plaintiff has advertised in numerous print and social media, building substantial good will and a reputation in North Texas as a quality nail salon.

14. Defendants operate Azura Nails & Spa at a location on Preston Road in Dallas, TX. As noted below, evidence of actual confusion between the nail spa companies is evidence.

15. Defendants operate the webpage http://azuranailsandspadallas.com/. Images from the Defendants' nail spa are reproduced below:







16. The Defendants also operate social media sites, including a YouTube video advertising their services as "Azura Nails and Spa" at https://www.youtube.com/watch?v=OuTCtrz8X00. Screenshots of the YouTube video can be seen below:





17.  On June 30, 2017, Plaintiff received an email from Eric Langford which stated as follows: "OK. Enjoy the break. I saw an Azura Spa on Preston/Alexa. Is that yours? It is near my house." This email is from a person with whom Plaintiff does business. A true and correct copy of the email showing actual confusion is attached as Exhibit 3.

6

## COUNT 1: UNFAIR COMPETITION UNDER THE LANHAM ACT

18. The preceding paragraphs are incorporated by reference as if set forth verbatim. verbatim.

19. Defendant's actions have been with full knowledge of Plaintiff's rights and with the intent to trade on Plaintiff's goodwill, thus making this an exceptional case under 15 U.S.C. §1117(a).

20. Further, the activities of Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendant is associated, affiliated with or sponsored by Plaintiff, to the damage and harm of Plaintiff. Defendant's activities constitute deliberate infringement of the mark in violation of the LANHAM ACT, including, but not limited to, 15 U.S.C. §§ 1114(1) & 1125(a), entitling Plaintiff to damages.

21. As a result of Defendant's activities, Defendant has caused and will continue to cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law for relief from Defendant's wrongful conduct. Accordingly, Plaintiff is entitled to damages and injunctive relief.

## COUNT 2: COMMON LAW UNFAIR COMPETITION

22. The preceding paragraphs are incorporated by reference as if set forth verbatim.

23. Defendant's actions described above constitute unfair competition under Texas common law.

24. More specifically, the activities of Defendant in operating a competing nail spa using Plaintiff's name AZURA are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendant is associated, affiliated with or sponsored by Plaintiff, to the damage

and harm of Plaintiff. Defendant's activities constitute deliberate infringement of the mark in violation of common law unfair competition.

25. As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief and damages to be proven at trial.

### REMEDIES INCLUDING INJUNCTIVE RELIEF

26. The preceding paragraphs are incorporated by reference as if set forth verbatim.

27. Plaintiff is entitled to monetary relief, including: (1) Defendant's profits, (2) trebled damages sustained by Plaintiff, and (3) the cost of this action. See 15 U.S.C. § 1117; TEX. BUS. & COM. CODE § 16.104.

28. Plaintiff also is entitled to injunctive relief under federal and state law. *See* 15 U.S.C. § 1116; TEX. BUS. & COM. CODE § 16.103(b). More specifically, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendant and its officers, agents, representatives and any person or entity acting on their behalf or at their direction from: using the AZURA mark or any marks confusingly similar to AZURA in its product names, domain names, on its product labels or in its advertising.

### ATTORNEYS' FEES

29. Plaintiff is entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a) and TEXAS BUSINESS & COMMERCE CODE § 16.104.

### DEMAND FOR JURY

30. Plaintiff demands trial by jury for all claims so triable.

### PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, and that Plaintiff be granted the following relief:

1. actual damages in an amount to be determined at trial;

2. punitive, exemplary or other enhanced damages for the tort claims asserted herein;

3. special damages, consequential damages, disgorgement of profits, and all other forms of damages permissible;

4. pre-judgment and post-judgment interest on the damages assessed;

5. all costs of court and an additional reasonable amount as attorney's fees; and

6. such other and further relief, at law or in equity, as to which Plaintiff may be justly entitled.

Date: August 14, 2017

Respectfully Submitted,

*/s/ Stephen A. Kennedy*
Stephen A. Kennedy
State Bar No. 11300425

KENNEDY LAW, L.L.P.
1445 Ross Ave. Suite
Dallas, TX 75202
Tel.: (214) 716-4343
Fax: (214) 593-2821

ATTORNEY FOR PLAINTIFF